Bay Plaza Community Ctr., LLC v Cablevision Sys. N.Y. City Corp. (2023 NY Slip Op 02965)

Bay Plaza Community Ctr., LLC v Cablevision Sys. N.Y. City Corp.

2023 NY Slip Op 02965

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 813121/21E Appeal No. 407 Case No. 2022-03241 

[*1]Bay Plaza Community Center, LLC, Plaintiff-Respondent,
v
Cablevision Systems New York City Corporation, Sued Herin as Cablevision System New York City Corporation, Defendant-Appellant.

Forchelli Deegan Terrana LLP, Uniondale (Richard A. Blumberg of counsel), for appellant.
Oved & Oved LLP, New York (Jonathan A. Lynn of counsel), for respondent.

Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J), entered July 14, 2022, which, insofar as appealed from, granted plaintiff's motion for summary judgment to the extent of determining that defendant Cablevision had not effected an early termination of the lease, unanimously reversed, on the law, with costs, and the motion denied.
Under paragraph 2 of the 2018 amendment to the parties' lease, Cablevision had a right to terminate the lease early upon 60 days' notice of the "termination date" and payment of a termination fee equal to six months' rent and additional rent, provided that "[t]here shall be no then existing default of Tenant of its obligations under the Lease beyond the expiration of all applicable notice and cure periods which remains uncured." Another condition precedent for early termination is that the tenant be fully paid up on rent and additional rent as of the early termination date.
Cablevision gave 60 days' notice of intent to terminate as of March 31, 2021 and paid the early termination fee of over $1.1 million by that date. As of March 31, 2021, plaintiff had not served Cablevision with any notice of default or notice to cure based on a failure to fully vacate, which had expired and "remain[ed] uncured" as of the noticed early termination date of March 31, 2021. However, plaintiff contends that Cablevision failed to comply with its obligation under paragraph 22 of the lease to leave the premises "broom clean, in good order and condition" and to "remove all its personal property" upon expiration or other termination of the lease. The lease further provides that the tenant's "obligation to observe or perform this covenant shall survive the expiration or other termination of this lease." Under the plain terms of the lease, the obligation to remove all personal property and leave the premises broom clean upon termination of the lease, was not a "then existing default" that would prevent effective early termination of the lease, provided all conditions specified in paragraph 2 of the 2018 amendment were satisfied (see 159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 358-359 [2019]). Therefore, contrary to plaintiff's argument, Cablevison's failure to remove all its personal property from the premises as of the early termination date does not preclude a termination of the lease on that date.
Plaintiff also contended that Cablevision owed a balance of $33,128 as of the March 31, 2021 termination date, but it did not provide proof as to the basis for that claimed balance, such as a contemporaneous rent ledger that would satisfy the business records exception to the hearsay rule (CPLR 4518). While the affidavit of plaintiff's agent contained a partial rent ledger, it did not track before March 2021 or to a $0 balance and the invoices attached to the motion likewise did not track before March 2021 or provide evidence regarding the origin of the balance. Even if plaintiff demonstrated prima facie that there was an outstanding [*2]balance, in opposition, Cablevision's agent disputed the claim, stating that the parties' practice had been to annually reconcile outstanding balances, so that there should not have been any amount outstanding relating to an earlier year, thereby raising an issue of fact. The motion court found that Cablevision did not terminate the lease as of June 30, 2021, when it fully vacated the premises, because there was undisputed evidence that Cablevision did not pay rent that plaintiff claimed to be due after March 31, 2021 on a current basis. However, Cablevision noticed March 31, 2021 as the termination date, not any later date, and therefore, any subsequent claimed default in payment is not relevant to whether the lease was effectively terminated as of March 31, 2021. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023